NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1714
_____

UNITED STATES OF AMERICA

v.

MAURICE HARPER,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 97-cr-00572)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2010

Before:  RENDELL, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed: December 16, 2010)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Maurice Harper appeals his judgment of sentence following the District Court's

determination that he committed Class A violations of his supervised release. We will

affirm.

I

Because we write for the parties, we recount only the essential facts and procedural history. Harper's term of supervised release began on June 6, 2008, upon his completion of a lengthy prison sentence for violations of 18 U.S.C. § 2119 (carjacking) and 18 U.S.C. § 924(c) (carrying a firearm during and in relation to a crime of violence).

On March 19, 2009, the Philadelphia Police Department arrested Harper for manufacturing, delivery, possession with intent to distribute, and possession of cocaine base. Five days later, Harper appeared for a narcotics screening and tested positive for cocaine metabolite. In light of Harper's arrest and failed drug test, on March 31, 2009, the Probation Office notified the District Court that Harper had committed, respectively, Grade A and Grade C violations of supervised release.

On August 25, 2009, Harper was arrested by the Philadelphia Police Department and charged with criminal conspiracy, carrying a firearm without a license, carrying a firearm in Philadelphia, violation of the Controlled Substance Act, prohibited offensive weapons, simple assault, and aggravated assault. The day after this arrest, the Probation Office filed an amended violation (Grade A) of supervised release.

On January 7, 2010, Harper was arrested once again, and this time was charged with knowingly and intentionally possessing a controlled substance. Accordingly, the Probation Office filed yet another amended violation (Grade A).

On March 5, 2010, the District Court held a hearing at which it found Harper to be in violation of the terms of his supervised release and sentenced him to 21 months incarceration. Harper filed this timely appeal.

II

Because Harper did not object to his Guidelines calculation, we review for plain error. *United States v. Watson*, 482 F.3d 269, 274 (3d Cir. 2007).

By its terms, 18 U.S.C. § 3583(e)(3) requires a finding by "a preponderance of the evidence that the defendant violated a condition of supervised release." When the condition is that the defendant not commit a crime, there is no requirement of conviction or even indictment. *United States v. Poellnitz*, 372 F.3d 562, 566 (3d Cir. 2004).

Here, Harper was charged with multiple state crimes that resulted in three separate Grade A violations of supervised release, any one of which would have yielded an imprisonment range of 18–24 months under the United States Sentencing Guidelines. The District Court asked Harper whether he wished to admit to the alleged violations or required an evidentiary hearing. Harper stated, through counsel, that he was prepared to admit to the violations, albeit with explanation. Harper then proceeded to contest his January 7, 2010 arrest.

On appeal, Harper claims the District Court erred when it failed to honor his statutory right to a hearing as to the contested charge. Even had the District Court erred

in this respect—and we are not concluding that it did on the facts presented—it had no effect on Harper's substantial rights in light of his admissions to the conduct charged by the Probation Office relative to the March 19, 2009 and August 25, 2009 arrests. *See, e.g.*, *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (explaining that the third prong of the "plain error" test is that the error affected the defendant's substantial rights). Accordingly, the District Court did not commit plain error and its judgment will be affirmed.